L. MAXCY, INC., v. FEDERAL LAND BANK OF COLUMBIA

150 So. 248.

151 So. 276.

Division A.

Opinion Filed June 15, 1933.

Opinion on Rehearing Filed Nov. 21, 1933.

*H. M. Hampton,* Attorney for Appellant;

*A. M. Roland,* Attorney for Appellee.

Davis, C. J.—Assuming, but not deciding, that the principal question of law argued by appellant on this appeal was properly raised and required to be decided by the court below on the issues presented in a foreclosure case, the proposition to be discussed is whether or not the alleged unconstitutionality of a portion of Section 920, C. G. L. 718 R. G. S., relating to the mode of assessing for taxation

lands not within limits of cities and towns, rendered void a tax sale and certificate based upon an assessment of lands having thereon non-bearing fruit trees, which, in accordance with that section, were not considered "as adding any value" to the assessed land.

Section 920 C. G. L., 718 R. G. S., just mentioned, reads in part as follows:

"The lands in each county in this state, subject to taxation and not included in the limits of incorporated towns and cities laid off in lots and blocks, shall be assessed by townships, *and for the purposes of taxation all non-bearing fruit trees shall not be considered as adding any value to said land; * * *"* (Italics mine.)

Section 1, of Article IX of the Constitution, as amended in 1924, provided that the Legislature shall prescribe such regulations as shall secure a "just" valuation of all property, both real and personal, for taxation purposes.

The legislative discretion implied in the power and duty to prescribe such "regulations" as shall secure a "just" valuation for taxation purposes of all property subject to taxation, necessarily embraces the method to be used in the determination of a "just" valuation of all property, both real and personal, for purposes of taxation. Courts do not sit as boards of revision in such matters but simply to enforce constitutional rights when they are called upon to extend judicial protection against abuses of legislative prerogatives that have actually, as well as nominally, resulted in such undue prejudice and discrimination in the admininistration of the tax laws, as amount to a denial of the equal protection of the constitution and the laws of this state relating to that subject.

When a legislative method of securing a "just" valuation of all property for purposes of taxation is disclosed by an

Act of the Legislature, it may undoubtedly have a definite bearing upon the validity of any result that has been reached by administrative officers in following the method prescribed, but the judicial function does not go beyond the right to decide the constitutional question that has arisen only because of the actual result brought in question before the Court. That question is whether the statutory plan followed in the case before the Court, in its practical application, *necessarily* results in the intentional omission, under authority or color of statutory law, of taxable property from the assessment rolls for an improper purpose, thereby unequally and inequitably adjusting the burdens of taxation, so as to render the entire assessment void for unconstitutional discrimination. City of Tampa v. Kaunitz, 39 Fla. 683, 23 Sou. Rep. 416; L .& N. R. Co. v. Amos, 98 Fla. 350, 123 Sou. Rep. 745; Folsom v. Bank of Greenwood, 97 Fla. 426, 120 Sou. Rep. 317.

Undoubtedly the Legislature is without power to provide for exempting from taxation any class of property which the Constitution itself makes no provision for exempting. The principle has been more than once affirmed in this State that the Constitution must be construed as a limitation upon the power of the Legislature to provide for the exemption from taxation of any classes of property, except those particularly mentioned classes specified in the organic law itself.

But the proposition challenged in this case goes to the constitutionality of a state statute. With the wisdom or policy of it, the courts have nothing to do. What we are dealing with here is not a case of attempted unauthorized "exemption," but one of purported exercise of the Legislature's constitutional power under Section 1 of Article IX of the Constitution to prescribe suitable regulations designed to secure for all classes of property, real and per-

sonal, a "just" valuation for purposes of taxation. *Valuations,* whether for tax purposes or other purposes, do not depend upon matters of *formulae* alone, although *formulae* may be authorized as a detail of the method of arriving at the ultimate conclusion, by requiring the giving of consideration to all relevant facts going to make up a "valuation."

Wild, uncultivated and unimproved land undoubtedly has a basic value which may be increased by the addition thereto of fruit trees or trees for forestry and other kindred purposes. But whether or not land which would otherwise remain wild, uncultivated and unimproved, shall have the value of the unmatured trees considered as part of their present day value for taxation purposes, leaving to some future day the inclusion of their value as part of the value of the land, involves nothing more than a question of legislative policy concerning what is to be considered a·"just" valuation of the property taxed, taking into consideration the use to which it is designed to be put during the particular tax year. The fact that the "sales value" may be increased *eo instanti* the improvement of the land by the setting out thereon of the undeveloped trees, is no conclusive criterion by which to condemn a present valuation for tax purposes arrived at by considering some other valuation than mere "sales" value.

Trees planted upon lands must inevitably increase their ultimate value—both "sales" value and "ownership" value. But until the trees planted on the land shall have reached their normal, utilizable maturity, or shall have come into a bearing state, it is obvious that they add nothing to the value of the land except for purposes of sale.

This Court judicially knows that the development of horticultural and forestry enterprises is a leading business undertaking in this State, and that to encourage its development the Legislature has used its discretion in the enact-

ment of laws fashioned in such manner as to foster, aid and promote expansion of property values by encouraging an increase in the number of acres of wild, uncultivated and unimproved lands transformed from their natural state for use for purposes of horticulture and forestry. Whether or not the added valuation to land occasioned by the planting thereon of trees, shall be presently taken into consideration for purposes of arriving at a "just" valuation of the lands for purposes of taxation, or shall be postponed until a later date when the trees shall have reached their greatest value as an asset through being nurtured to maturity, is plainly a matter lying within the domain of legislative policy, and presents nothing for judicial review in the absence of some showing of subterfuge or abuse actually being perpetrated under guise of a legislative regulation fair on its face.

Section 920 C. G. L., 718 R. G. S., does not provide for an unconstitutional exemption of part of the value of lands for purposes of taxation. On the contrary the statute contemplates that in the annual assessment of lands for taxation, the value of non bearing trees thereon, shall not be considered as adding any present value to the land for taxation purposes, but shall be considered only as a potential asset to be fully taxed and the State compensated by the taxation thereof, when a state of practical maturity of the trees shall have been realized.

There is nothing unconstitutional in such a plan, which involves no "exemption" *per se* of the value of the added non bearing trees, but simply a postponement until some later tax year, of the computation of such value as a part of the value of the lands for taxation purposes, with ultimate compensation to the taxing authority for any present loss occasioned by the omission of such element of value from present calculations.

For the reasons stated, the Chancellor was not in error when he struck the defendant's answer attempting to set up the alleged invalidity of taxes incidentally involved in the foreclosure of appellee's mortgage, therefore such ruling and the final decree which was entered pursuant thereto, must be affirmed and it is so ordered.

Affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

### ON REHEARING

PER CURIAM.—In this case motion for rehearing was filed and granted. The motion was granted because it appeared that the case had been noted for oral argument and this notation was overlooked and the opinion was written without the cause having been orally argued before the Court. The case was set down for oral argument and on the day on which it was to be argued the Court received advice from counsel that oral argument would not be presented.

The opinion and judgment of this Court heretofore rendered and filed on June 15, 1933, is now reaffirmed and adhered to.

So ordered.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.