■WILLSON, J. H., Associate Judge.
Appellee is the owner of a citrus grove in Pinellas County, which was severely injured by cold in the winter of 1962-1963. The extent of the damage is evidenced by a decline in production from 32,730 boxes in the 1961-1962 fruit season to 1,545 boxes in the 1963-1964 season.
The assessed valuation of appellee’s grove for the purposes of county taxation in the year 1963 was $78,630. This is substantially below the 1963 value placed upon the grove by appellee’s expert witness, and there is no proof and no contention by appellee that there is any inequality between the assessment of appellee’s citrus grove and other like grove properties.
Appellee’s complaint, in which it sought to enjoin the collection of the 1963 tax on its property, is based upon the alleged failure of the tax assessor to comply with Sections 192.063, 193.20 and, 193.11(3), Fla.Stat., F.S.A. These sections, or the pertinent portions thereof, are as follows:
“That growing annual agricultural crops, non-bearing fruit trees and nursery stock, regardless of the growing methods, shall be considered as having.' no ascertainable value and shall not be taxable until they have reached maturity or a stage of marketability and have passed from the hands of the producer and/or offered for *241 sale. This act shall be construed liberally in favor of the taxpayer.”
“The lands in each county in this state, subject to taxation and not included in the limits of incorporated towns and cities and laid off in lots and blocks, shall be assessed by townships, and for purposes of taxation all non-bearing fruit trees shall not be considered as adding any value to said land; * *
“All lands being used for agricultural purposes shall be assessed as agricultural lands upon an acreage basis, regardless of the fact that any or all of said lands are embraced in a plat of a subdivision or other real estate development. Provided, agricultural purposes shall include only lands being used in bona fide farming, pasture, grove or forestry operations by the lessee or owner, or some person in their employ. Lands which have not been used for agricultural purposes prior to the effective date of this law shall be prima facie subject to assessment on the same basis as assessed for the previous year, and any demand for a reassessment of such lands for agricultural purposes shall be subject to the severest scrutiny of the county tax assessor to the end that the lands shall be classified properly. Provided, this subsection shall not be construed, interpreted, or applied so as to permit lands being used for agricultural purposes to be assessed other than as agricultural lands and upon an acreage basis.”
The chancellor found the 1963 assessment of appellee’s property was in contravention of these statutory provisions.
Appellee’s position, as we understand it, is that the citrus on its property were rendered “non-bearing” by the 1962-63 freeze, and that Sections 192.063 and 193.20, Fla.St., F.S.A., require the tax assessor to disregard their value in determining the valuation of the property for tax purposes. Since its property is being used for “agricultural purposes,” it must therefore be assessed as “agricultural lands” under Section 193.11(3), Fla.St., F.S.A. As agricultural lands the per acre value is $400.,. and the assessed value should be $28,000. rather than $78,630. Appellee’s case thus-, depends upon the proper constructions of Sections 192.063 and 193.20, Fla.St., F.S.A.,, since, as we have pointed out, there is no-demonstrated inequality between the assessed valuation of appellee’s property and', other like property.
Section 192.063, Fla.St., F.S.A., was-enacted in 1963, after the decision of this, court in Lake Garfield Nurseries Company v. White, 149 So.2d 576, in which we-held that non-bearing citrus trees located in nurseries and held as stock in trade or inventory were tangible personal property subject to ad valorem taxes. It .was the-legislative intent, in the passage of this. Act, to set aside the rule we had established and the effect of the Act is limited to that purpose. It does not apply to mature trees that had been rendered non-bearing through cold damage.
In L. Maxcy, Inc. v. Federal Land Bank of Columbia, 111 Fla. 116, 150 So. 248, 151 So. 276, the Supreme Court held, in effect,, that the purpose of Section 193.20, Fla.St., F.S.A., was to foster the expansion of property values by encouraging the planting-of citrus groves, through the postponement, of taxing the value of the trees until they-reached maturity. The purpose of this; statutory provision does not encompass the-valuation of cold damaged citrus trees.
While the tax assessor could have taken, into consideration in assessing citrus groves-any reduction in value of the trees by-reason of cold damage, he could not legally-have excluded their remaining value. His. announced intention of doing so was totally ineffective.
Under the circumstances of this case,, and limited expressly thereto, we find it unnecessary to consider the method used *242 by the tax assessor in valuing appellee’s property.
There being no showing that ap-pellee’s property was assessed at more than its value as agricultural lands, and no showing of inequality in assessment, the chancellor should have found for the defendants. The decree is reversed with instructions to dismiss the complaint with prejudice, and dissolve the restraining order.
ALLEN, C. J., and LILES, J., concur.