212 So.2d 646 (1968)
W. Wirt CULBERTSON, As Tax Assessor for Metropolitan Dade County, et al., Appellants,
v.
SEACOAST TOWERS EAST, INC., a Florida Corporation, Appellee.
No. 37092.
Supreme Court of Florida.
June 26, 1968.
Thomas C. Britton, County Atty., and John G. Fletcher, Asst. County Atty., for appellants.
Williams, Salomon & Kenney, Miami, for appellee.
*647 DREW, Justice.
The plaintiff hotel corporation in this case instituted a chancery suit contesting its tax assessment as illegal on the ground that the improvements included in the valuation were not substantially complete on January 1, 1967, under F.S. Sec. 193.11(4), F.S.A. providing:
"All taxable lands upon which active construction of improvements is in progress and upon which such improvements are not substantially completed on January 1, of any year shall be assessed for such year, as unimproved lands. Provided, however, the provisions hereof shall not apply in cases of alteration or improvement of existing structures."
The defendant taxing authorities filed an answer and motion for summary judgment, contending that the statute on which plaintiff relied was unconstitutional and that the complaint, lacking a direct averment that the assessment exceeded market value, failed to present any material issue.
Defendants have filed this interlocutory appeal from the order denying their motion for summary judgment, invoking jurisdiction of this Court under Article V, Sec. 4, Fla. Const., F.S.A. and F.A.R. 2.1, subd. a(5) (a), 32 F.S.A., to review an interlocutory order which sustains the validity of a statute against attack on constitutional grounds. On the record presented, at least preliminary disposition of the jurisdictional point is implicit in the decision that the complaint, founded on the controverted statute, does present material triable issues.[1]
The constitutional arguments urged by appellants are that Sec. 193.11(4) grants an exemption from ad valorem taxation in violation of Article IX, Sec. 1, of the Florida Constitution, and that it fails to define or prescribe standards for the administrative application of the terms "substantially completed," in violation of Article III, Sec. 1, Fla. Const. Neither contention, in our opinion, has merit.
The statute constitutes only a temporary postponement of valuation and assessment of incomplete improvements on real property provided the prescribed conditions are met on the annual assessment date. The requirement is simply that the separate classification of such property shall bear some reasonable relationship to the legislative power to prescribe regulations to secure a just evaluation of property. Factors analogous to those here involved have in numerous instances been made the basis for special statutory treatment.[2]
We find no direct authority for the contention that the terminology of the statute is fatally ambiguous, and are not persuaded by appellants' arguments in this respect.[3] The remaining issues raised by appellee, with reference to matters not yet determined by the trial court, have no pertinence in this appeal.
The order appealed is accordingly affirmed and the cause remanded for further proceedings.
CALDWELL, C.J., and THOMAS, ROBERTS, THORNAL, ERVIN and ADAMS, JJ., concur.
NOTES
[1] See also Cramp v. Board of Public Instruction, Fla. 1960, 118 So.2d 541.
[2] L. Maxcy, Inc. v. Federal Land Bank, 111 Fla. 116, 150 So. 248, 151 So. 276. See also Sec. F.S. 192.31(2), Sec. 211.13, Sec. 192.063, F.S.A., and Jasper v. William C. McLean & Sons, Inc., Fla.App. 1967, 195 So.2d 240.
[3] Cf. Bowery v Babbit, 99 Fla. 1151, 128 So. 801, and cases collected in opinion, Fla. Atty.Gen.Rep. 301, Opinions 1961-62.