234 So.2d 702 (1970)
SHERWOOD PARK, LTD., INC., a Florida Corporation, and Sherwood Forest, Ltd., Inc. of Hollywood, a Florida Corporation, Appellants,
v.
W.H. MEEKS, Jr., Tax Collector for Broward County, et al., Appellees.
No. 69-487.
District Court of Appeal of Florida, Fourth District.
March 20, 1970.
Rehearing Denied May 5, 1970.
*703 Jack F. Weins, of Abrams, Anton, Robbins, Resnick & Burke, Hollywood, for appellants.
Gaylord A. Wood, Jr., of Rogers, Morris & Ziegler, Fort Lauderdale, and R. Regis Reasbeck, of Reasbeck & Fegers, Hollywood, for appellee William Markham, Tax Assessor.
John U. Lloyd, County Atty., and Betty Lynn Lee, Asst. County Atty., Fort Lauderdale, for appellees Fred O. Dickinson, Jr., as Comptroller, and Board of County Commissioners.
William H. Meeks, of McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellee Meeks.
ADAMS, ALTO (Ret.), Associate Judge.
We review a judgment from the Circuit Court of Broward County sustaining the tax assessment on certain buildings which considered a formula prepared and submitted by the tax assessor.
The question presented is whether the formula employed by the tax assessor can be utilized under the statute which provides:
F.S. 1967, Section 193.11(4), F.S.A.
"All taxable lands upon which active construction of improvements is in progress and upon which such improvements are not substantially completed on January 1, of any year shall be assessed for such year, as unimproved lands. Provided, however, the provisions hereof shall not apply in cases of alteration or improvement of existing structures."
The Supreme Court of Florida has heretofore held that statute to be constitutional. Culbertson v. Seacoast Towers East, Inc., Fla. 1968, 212 So.2d 646. The statute does not set forth any criteria determining what is "substantially completed." A very good determination of substantially completed is to be found in State ex rel. Stites v. Goodman, Mo. 1961, 351 S.W.2d 763, 766. It was well said there that a building is "substantially complete" when it has reached the stage where it can be put to the use for which it was intended, even though some minor items might be required to be added. We construe that it was the intent of the legislature not to tax the property other than as unimproved unless it was complete to the point where it could be used for the purposes intended. In case of doubt the doubt is usually resolved in favor of the taxpayer.
In our judgment the tax assessor was not authorized to promulgate a formula in derogation to the statute, and his certification that the building was less than substantially completed by 100% was in violation of the statute.
We must, therefore, hold that the learned trial court was in error in establishing assessments based upon percentage estimates of completion of the buildings at the time in question as 80% and 90% complete.
It is, therefore, the judgment of this court that the judgment appealed is reversed with directions to proceed not inconsistent with this opinion.
We are of the opinion that this is a decision passing on a question of great public interest and we do, therefore, indicate our willingness to certify this decision to the Supreme Court of Florida upon appropriate application.
Reversed and remanded.
WALDEN and McCAIN, JJ., concur.