HENDRY, Judge.
Appellant-plaintiffs, the City National Bank of Miami and others (“Taxpayers”), seek review of the final judgment rendered in favor of appellee-defendants, Blake and others (“Assessors”) as to county tax assessments of $1,827,900.00 on the hotel improvements only. The final judgment was entered in a non-jury trial of Taxpayers’ suit challenging the assessment of the hotel improvements at the Miami Airport Inn. The land assessments were not challenged. Taxpayers have exhausted their administrative remedies. Their appeal presents the issue of whether the hotel improvements were “substantially completed” as of January 1, 1970, under § 193.071(4), Fla. Stat., F.S.A.
The Assessors have cross-appealed, asserting that the trial court erred in denying their motions for summary judgment and for involuntary dismissal. They contend that where the Taxpayers received arbitration under § 194.033, Fla.Stat., [recently repealed, Ch. 71-371, Laws of Florida, 1971] which resulted in an adverse decision to the Taxpayers, then the Taxpayers cannot proceed de novo in the circuit court.
The Miami Airport Inn is a six story hotel-motel with two hundred and ten units and two restaurants. One of the restaurants is an elegant one with an adjoining lounge. Photographs of that restaurant taken on January 6, 1970 show that it was incomplete. The court found that one of the Taxpayers’ witnesses did not accurately remember the condition of the building; the court also found that only certain interior partitions were not fully installed as of the tax date, but that the work remaining to be done was only a small portion of the entire undertaking, insufficient to render the hotel improvements not “substantially completed.”
Taxpayers argue that they cater to the “carriage trade.” They continue by stating that the partial completion of the building coupled with the lack of a restaurant with *266 lounge had a devastating financial effect upon them. That is, this interfered with the peak winter season. The hotel was operating under a City of Miami partial certificate of occupancy, dated December 9, 1969, allowing use of two of the six floors or seventy-six of the two hundred and ten rooms. The certificate did not permit use of the restaurant. A permit was not obtained to operate the restaurant until March, 1970, the regular license application having been filed in mid-January, 1970. The Taxpayers presented evidence concerning their problems with elevators, telephones and the leaking roof. They also explained that the lounge was to account for 50% of their anticipated gross income.
In legal argument the Taxpayers have contended that the hotel improvements were not “substantially completed” for the purposes for which they were intended on January 1, 1970, and should have been taxed as vacant lands under § 193.071(4) for the 1970 tax year. They rely upon Culbertson v. Seacoast Towers East, Inc., Fla.App.1970, 232 So.2d 753 and Sherwood Park Ltd., Inc. v. Meeks, Fla.App.1970, 234 So.2d 702; and they distinguish Metropolitan Dade County v. Colsky, Fla.App.1970, 241 So.2d 440.
In response to these arguments the ap-pellee Tax Assessors have stated that the improvements were “substantially completed” for the purposes for which they were intended. They characterize the premises as a multi-million dollar motel fully erected and in operation, complete with one serviceable restaurant and the second lacking only interior partitions.
On cross appeal the Tax Assessors conclude that where a taxpayer who has demanded and received arbitration under § 194.033 Fla.Stat., F.S.A. he is not entitled to ignore the award of the arbitrators (which in this case was based on a vote of two to one for the county) and proceed de novo in the circuit court.
In response to the arguments on cross appeal, the Taxpayers contend that § 194.033, Fla.Stat., F.S.A., is unconstitutional in violation of Art. V, § 6 of the Florida Constitution of 1968, which vests exclusive jurisdiction over the legality of certain tax matters in the circuit court. They further contend that under § 194.171, Fla.Stat., F.S.A. the arbitration was not conclusive. They rely primarily upon Montgomery v. Suttles, Tax Collector, 191 Ga. 781, 13 S.E.2d 781 (1941).
In the exercise of judicial restraint, we decline to pass upon the constitutionality of the tax assessment arbitration statute, § 194.933, Fla.Stat., F.S.A.
The question of “substantial completion” is at the outset a question to be determined by the due exercise of the assessor’s discretion. Based upon a virtual presumption of validity accorded to governmental decisions, the taxpayer in a court proceeding challenging the discretion of a tax assessor assumes a large burden. See: Markham v. Friedland, Fla.App.1971, 245 So.2d 645. A tax assessment is presumed correct, and in order to successfully challenge it, the taxpayer must present proof which excludes every reasonable hypothesis of a legal assessment. That is, an assessor may reach a correct result for the wrong reason.
The trial court held, and correctly so, that substantial completion is a question of fact. The judge, sitting as the trier of the facts, determined that the building was substantially complete; his conclusion is accorded great weight.
The statute specifies substantial completion. Culbertson v. Seacoast Towers East, Inc., Fla.1970, 236 So.2d 761, disch. cert., Fla.App.1970, 232 So.2d 753, and not that every detail of construction and ornamentation be final. Here, the structure was built and the business in operation. The minor difficulties to which the appellant points, such as with the elevator, telephone and roof problems, are the usual “bugs” which any business must expect.
The trial court ratified the exercise of discretion by the assessor, which we cannot *267 disturb in the light of the principles we have set out and on the record before us. Cf.: Metropolitan Dade County v. Colsky, Fla.App.1971, 241 So.2d 440.
The Assessors have argued that by the proper application of the principles of estoppel or the doctrine of election of remedies, the Taxpayers may not first resort to arbitration, and then on receiving an adverse result in that forum, resort to court action. Estoppel by conduct should be determined by the facts of each case. City of South Miami v. State ex rel. Landis, 140 Fla. 740, 192 So. 624, 627.
The Assessors have failed to demonstrate that the lower court erred in refusing to apply the principles of estoppel by conduct. The Taxpayers here have not asserted inconsistent positions in the arbitration proceeding and in the court action. Nor have the Assessors shown their detrimental reliance. See City of South Miami v. State ex rel. Landis, supra.
The election of remedies doctrine in Florida has been explained as follows:
“ ‘Where the remedies afforded are inconsistent it is the election of one of such remedies which operates as a bar; but where the remedies afforded are consistent it is the satisfaction of the claim which operates as a bar.’ ”
Klondike, Inc. v. Blair, Fla.App.1968, 211 So.2d 41, 42. The trial court did not err in applying this principle. Upon this record we conclude that the Taxpayers may not be held to an election of remedies or be estopped by their conduct.
Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.