## CITY NATIONAL BANK OF MIAMI BEACH, as Trustee v. TAX ASSESSOR, et al.

No. 71-21714.

Circuit Court, Dade County.

January 23, 1973.

Lapidus & Hollander, Miami, for the plaintiff.

Stuart Simon, County Attorney, R. A. Cuevas, Jr., Assistant County Attorney, for the defendants.

FRANCIS X. KNUCK, Circuit Judge.

This is a suit challenging the 1971 ad valorem tax assessment on certain vacant land, comprising approximately 176 acres on the western shore of the intracoastal waterway in northeastern Dade County. The assessment on the subject property is $3,266,580. The taxpayer seeks reduction of this assessment, claiming it exceeds the fair market value of the property.

This cause was tried without a jury on January 16, 1973.

In valuating property for ad valorem tax purposes, the assessor (as a public official) exercises executive discretion. He is presumed to act in good faith and his official actions are presumed valid.

Harbond v. Anderson, 134 So.2d 816 (2nd D.C.A., Fla. 1961). The taxpayer challenging the discretion of the tax assessor assumes a large burden. See: Markham v. Freidland, 245 So.2d 645 (4th D.C.A., Fla. 1971). A tax assessment is presumed correct; and in order to successfully challenge it, the taxpayer must present proof which excludes every reasonable hypothesis of legal assessment, i.e., the assessor may reach a correct result for the wrong reason. City National Bank of Miami v. Blake, 257 So.2d 264 (3rd D.C.A., Fla. 1972). The plaintiff called Mr. Donovan Jones of the assessor's staff as an adverse party witness who testified as to the method and amount of this assessment. The court finds that the assessor, in assessing the subject property, acted in good faith and that the assessment was unaffected with any illegality or fraud. The court further finds that plaintiff's evidence is insufficient to rebut the presumption of validity with which the subject assessment came before this court.

At least 5,000 apartment units could be placed on the subject land under its zoning (RU 4 and BU 2) as of the taxing date. As of that date, Dade County had approved sewer connections for the subject property to service 2,500 apartment units. The gist of the taxpayer's case was that this effectively lowered the zoning of the property to a lower use, and therefore the property's fair market value was the purchase price ($2,550,000) paid three years prior to the taxing date.

Plaintiff's sole witness as to valuation (Mr. Wilkov) testified that the property's fair market value was the purchase price ($2,550,000) paid three years prior to the taxing date. The court does not accept plaintiff's contention on this point. Pictures showing the condition of the property at the time of purchase by plaintiff and on the taxing date were placed in evidence. At the time of purchase, the land was low and marshy. As of the taxing date, the land had been substantially improved. It had been cleared, filled, bulkheaded (over ½ mile on the intracoastal waterway) and a lagoon and canal (connecting it to the intracoastal waterway) dredged. The court finds that the subject land had been substantially improved since the time of purchase by plaintiff and that such improvements greatly increased the land's fair market value over plaintiff's purchase price. The court further finds that the assessment is not in excess of the property's fair market value.

For all the foregoing reasons, it is hereby ordered and adjudged—
(1) The 1971 tax assessment on the subject property is not disturbed, and the plaintiff is not entitled to any reduction therefrom.
(2) The agreed amended injunction pendente lite heretofore entered in this cause on April 13, 1972, be and the same is hereby

continued in full force and effect for 30 days from the date of this final judgment and until final decision of any appeal taken herefrom. If no appeal is taken within 30 days from the date of this final judgment, said injunction shall be dissolved and plaintiff shall immediately pay the balance of the 1971 ad valorem taxes due on the subject property together with interest and penalties thereon provided by law. (3) The plaintiff's complaint herein be and the same is hereby dismissed with prejudice. (4) The defendants shall recover costs, to be determined at a later date, from the plaintiff. (5) The court shall retain jurisdiction of this cause for the purpose of enforcing the provisions of this final judgment.