427 So.2d 383 (1983)
William MARKHAM, As Broward County Property Appraiser, Appellant,
v.
YANKEE CLIPPER HOTEL, INC., a Florida Corporation, Lester Bauer, As Broward County Revenue Collector, and Randy Miller, As Executive Director of the State of Florida Department of Revenue, Appellees.
No. 81-1450.
District Court of Appeal of Florida, Fourth District.
March 9, 1983.
*384 Gaylord A. Wood, Jr., Fort Lauderdale, for appellant.
William Robert Leonard of Coleman, Leonard & Morrison, Fort Lauderdale, for appellee Yankee Clipper Hotel, Inc.
Jim Smith, Atty. Gen., and Barbara Staros Harmon, Asst. Atty. Gen., Tallahassee, for appellee Randy Miller, as Executive Director of Dept. of Revenue.
GLICKSTEIN, Judge.
This is an appeal from a final judgment in which the trial court concluded the following: 1) that the improvements[1] to appellee's property on January 1, 1979, were not substantially completed, i.e., they were not at the point at which they could be used; and 2) that section 192.042(1), Florida Statutes (1977),[2] is constitutional on the basis of Culbertson v. Seacoast Towers East, Inc., 212 So.2d 646 (Fla. 1968). We affirm and shall discuss briefly each of the four issues involved.
First, appellant had standing to bring the present action. See Department of Education v. Lewis, 416 So.2d 455 (Fla. 1982).
Second, the subject statute is constitutional, as Culbertson so held regarding an earlier statute.[3]See also Sherwood Park *385 Ltd. v. Meeks, 234 So.2d 702 (Fla. 4th DCA 1970), approved and adopted sub nom. Markham v. Sherwood Park Ltd., 244 So.2d 129 (Fla. 1971). The legislature's determination that an incomplete structure, unusable for the purposes intended upon its completion, should not be assessed in that condition is a matter of perception. To this court it appears as a choice based on reason, although in the eyes of the property appraiser the property is escaping ad valorem taxation. As the Supreme Court of the United States said in Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 364, 93 S.Ct. 1001, 1006, 35 L.Ed.2d 351 (1973):
In Madden v. Kentucky, 309 U.S. 83, 60 S.Ct. 406, 84 L.Ed. 590, a State laid an ad valorem tax of [$.50] per $100 on deposits in banks outside the State and only [$.10] per $1,000 on deposits within the State. The classification was sustained against the charge of invidious discrimination, the Court noting that "in taxation, even more than in other fields, legislatures possess the greatest freedom in classification." Id., at 88, 60 S.Ct., at 408. There is a presumption of constitutionality which can be overcome "only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes." Ibid. And the Court added, "The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." Ibid. That idea has been elaborated. Thus, in Carmichael v. Southern Coal Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, the Court, in sustaining an unemployment tax on employers, said:
"A state legislature, in the enactment of laws, has the widest possible latitude within the limits of the Constitution. In the nature of the case it cannot record a complete catalogue of the considerations which move its members to enact laws. In the absence of such a record courts cannot assume that its action is capricious, or that, with its informed acquaintance with local conditions to which the legislation is to be applied, it was not aware of facts which afford reasonable basis for its action. Only by faithful adherence to this guiding principle of judicial review of legislation is it possible to preserve to the legislative branch its rightful independence and its ability to function." Id., at 510, 57 S.Ct., at 872.
(Footnote omitted.)
We reject appellant's remaining constitutional arguments; discuss the following in view of the principles recited in Lehnhausen, which we consider to be generally dispositive; and conclude:
A. That the substantial completion statute does not have the effect of making the levy of each taxing district at less than a uniform rate within that district in violation of article VII, section 2, Florida Constitution.[4] All substantially completed buildings are taxed at a uniform rate. Some unsubstantially completed buildings are not taxed one way and other unsubstantially completed buildings, another.
B. The statute does not violate article VII, section 4, Florida Constitution,[5] by *386 taxing at less than just valuation. That term equates with fair market value, the formula for which is "the amount a purchaser willing but not obliged to buy will pay to one willing but not obliged to sell." ITT Community Development Corp. v. Seay, 347 So.2d 1024, 1027 (Fla. 1977). It strains credulity to suggest that sale of an unusable hotel, in the middle of construction, would normally be the result of action by a seller "not obliged to sell." This clause does not contemplate forced sales.
C. The statute does not violate article VII, section 4, Florida Constitution, by not securing a just valuation of all property. All substantially completed property is taxed. Its just valuation is readily identifiable in terms of fair market value, which is a reasonable, constitutional classification within the framework of Lehnhausen.

Third, the improvements were unusable for the guests of the hotel. This is not a case in which several individual units and common elements in a condominium were completed, such as in Manufacturers National Corp. v. Blake, 287 So.2d 129 (Fla.3d DCA 1973), cert. denied, 294 So.2d 291 (Fla. 1974). Nor are the facts in this case similar to those in City National Bank of Miami v. Blake, 257 So.2d 264 (Fla.3d DCA 1972), wherein the hotel was operating two of its six floors and seventy-six of its two hundred ten rooms on January 1, 1970, pursuant to a temporary certificate of occupancy issued on December 9, 1969. Accordingly, the principle of substantial completion of a self-sufficient unit recited in those cases is inapplicable here.
Fourth, there is substantial competent evidence that the building was not substantially completed on January 1, 1979. In January, 1979, the Super Bowl was being played in Miami; and if there is any doubt that the resort owner in this case was doing all that it could to be open before January 1, it does not appear from the record. Guests were only first allowed into the building on a temporary basis on January 18th because of the football game; and the building was not completely finished when those guests had left. The certificate of occupancy was not issued until January 12th; and numerous inspections were required and conducted after the first of the year.[6]
DELL and WALDEN, JJ., concur.
NOTES
[1] Appellee is the owner of an ocean front hotel in Fort Lauderdale. The subject improvements were 103 additional hotel rooms in a separate building constructed east of the existing main facilities.
[2] Section 192.042(1), Florida Statutes (1977), provides for the just valuation of property as follows:

Real property, on January 1 of each year. Improvements or portions not substantially completed on January 1 shall have no value placed thereon. "Substantially completed" shall mean that the improvement or some self-sufficient unit within it can be used for the purpose for which it was constructed.
[3] There, as here, the then known tax assessor, as defendant, attacked the constitutionality of the statute. The constitutional change in 1968 is insignificant. Prior thereto, article IX, section 1, provided:

Uniform and equal rate of taxation; special rates.  The Legislature shall provide for a uniform and equal rate of taxation, except that it may provide for special rate or rates on intangible property, but such special rate or rates shall not exceed two mills on the dollar of the assessed valuation of such intangible property; provided, that as to any obligations secured by mortgage, deed of trust, or other lien, the Legislature may prescribe an intangible tax of not more than two (2) mills on the dollar, which shall be payable at the time such mortgage, deed of trust, or other lien is presented for recordation, said tax to be in lieu of all other intangible assessments on such obligations. The special rate or rates, or the taxes collected therefrom, may be apportioned by the Legislature, and shall be exclusive of all other State, County, District and municipal taxes; and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, education, literary, scientific, religious or charitable purposes.
By virtue of the 1968 change, article VII, sections 2 and 3(a) provide:
[Section 2] All ad valorem taxation shall be at a uniform rate within each taxing unit, except the taxes on intangible personal property may be at different rates but shall never exceed two mills on the dollar of assessed value; provided, as to any obligations secured by mortgage, deed of trust, or other lien on real estate wherever located, an intangible tax of not more than two mills on the dollar may be levied by law to be in lieu of all other intangible assessments on such obligations.
[Section 3(a)] All property owned by a municipality and used exclusively by it for municipal or public purposes shall be exempt from taxation. A municipality, owning property outside the municipality, may be required by general law to make payment to the taxing unit in which the property is located. Such portions of property as are used predominantly for educational, literary, scientific, religious or charitable purposes may be exempted by general law from taxation.
[4] Article VII, section 2, Florida Constitution (1968), provides in part:

All ad valorem taxation shall be at a uniform rate within each taxing unit... .
[5] Article VII, section 4, Florida Constitution (1968), provides:

By general law regulations shall be prescribed which shall secure a just valuation of all property for ad valorem taxation, provided:
(a) Agricultural land or land used exclusively for non-commercial recreational purposes may be classified by general law and assessed solely on the basis of character or use.
(b) Pursuant to general law tangible personal property held for sale as stock in trade and livestock may be valued for taxation at a specified percentage of its value, may be classified for tax purposes, or may be exempted from taxation.
[6] A Fort Lauderdale fire lieutenant testified on direct examination that based on his inspection of January 10th, the building could not be used as a hotel. On cross-examination, the following occurred:

Q. In other words, there was no serious fire hazard when you inspected the building?
A. Oh, yes, sir.
Q. The trash?
A. The trash. The lack of the flow switch, the elevators. The only one I really considered minor out of any of them is the signs.