## ANDERSON, et al. v BYSTROM, etc., et al.

Case No. 86-11037 02

Eleventh Judicial Circuit, Dade County, Florida

June 16, 1987

### APPEARANCES OF COUNSEL

**Michel Anderson** for plaintiffs.

**Robert A. Ginsburg,** County Attorney, and **Thomas W. Logue,** Assistant County Attorney, for defendants.

### OPINION OF THE COURT

MILTON FRIEDMAN, Circuit Judge.

### *FINAL ORDER OF SUMMARY JUDGMENT*

THIS MATTER came for hearing on June 11, 1987 on Defendants' and Plaintiffs' cross-motions for summary judgment. The undisputed material facts are as follows:

1. This case involves a challenge to the 1985 ad valorem property tax assessment made on Plaintiffs' office condominium.

2. On January 1, 1986, the Plaintiffs' property was a condominium shell.

3. At the hearing for summary judgment, Plaintiffs' counsel stated that he did not contest the fact that Plaintiffs' property was assessed only for its value as a condominium shell and not for its value as a fully-completed office.

4. According to the deposition of the developer of Plaintiffs' property, it was the developer's intention to develop the units to the stage of intact "shells" and then to market the condominium shells allowing the buyer to customize the interiors and to elect to have the interiors finished by the developer or by the buyer's own subcontractor. As stated by the developer's appraiser, "These units are being marketed as 'shells'. . . ."

5. At the developer's request, a certificate of completion of the shell was issued in December of 1984. It was only after the certificate of completion was issued that the developer began to transfer titles of units to buyers.

6. If the Plaintiffs' property had been assessed as a completed office, instead of as a bare shell, the assessment would be substantially higher.

Based upon these undisputed facts, the Court draws the following conclusions of law:

1. In deciding cases involving the issue of whether a property is substantially complete, the courts recognize that the property appraiser's decision is presumed to be correct. "The question of 'substantial completion' is at the outset a question to be determined by the due exercise of the assessor's discretion." *City National Bank v. Blake,* 257 So.2d 264, 266 (Fla. 3d DCA 1972). *See Colding v. Klausmeyer,* 387 So.2d 430, 432 (Fla. 2d DCA 1980) (in substantially complete case, "a tax assessment is presumed correct"); *Metropolitan Dade County v. Colsky,* 241 So.2d 440, 442 (Fla. 2d DCA 1970).

2. If a developer intends to construct a shell building and to market the interior units as shells with the interiors to be customized to the needs of the buyers, then the shells are taxable units once they are completed, as evidenced, for example, by a certificate of completion. *Colding v. Klausmeyer,* 387 So.2d 430, 432 (Fla. 2d DCA 1980) ("although the developers here may have had other purposes in mind when they decided to construct the Coastland Mall, their immediate and primary purpose was to erect a 'shell building'. . . . This they had done by the January 1 tax date . . ."); *Metropolitan Dade County v. Colsky,* 241 So.2d 440, 442 (Fla. 3d DCA 1970) (the building was "substantially complete on January 1, 1967 for the purpose for which it was intended, i.e., a shell structure . . .").

6

3. In the instant case, the Plaintiffs' property, which was intended by the developer to be developed and sold as office condominium shells, was substantially complete as a condominium shell when the condominium shell unit was completed and certificate of completion was issued. Neither Florida case law nor Section 192.032, Fla. Stats., requires occupancy as a prerequisite to placing a shell on the tax roll. As stated in *Colsky,* 241 So.2d at 440:

> While occupancy may be the single most telling indication of completion in a building intended to be used as a highrise apartment with a large public service area as an essential part of the improvement, we do not believe that this statement should be strictly applied to a structure planned and build as a "shell building" which is to be used for rental purposes and in which the interior space is to be completed, or finished, only when a tenant leases the space and where separate plans and building permits are required for completion of this space.

Accordingly, it is

ORDERED and ADJUDGED that

Plaintiffs' motion for summary judgment is denied and Defendant's motion for summary judgment is granted and Plaintiffs shall take nothing by this action and Defendant Property Appraiser and Tax Collector shall go hence without day. The just value for ad valorem tax assessment purposes of the subject properties described by Folio Numbers 30-5006-19-0060-8 and 30-5006-19-0070-6 for the year 1985 are $68,550.00 and $68,550.00, respectively. The Tax Collector is authorized and directed to submit to the taxpayers a revised bill for deficiencies in taxes based on the just valuation set forth above plus interest at the rate of twelve percent (12%) per annum from April 1, 1987 to the date of this Judgment. Said taxes shall become delinquent and bear interest at the rate of eighteen percent (18%) per annum if unpaid at the expiration of thirty (30) days from the date of this Judgment and at such time the Tax Collector shall be authorized to enforce the collection of such taxes as delinquent taxes as provided by law, without further order of this Court.

DONE and ORDERED in Chambers at Miami, Dade County, Florida, on this 16th day of June, 1987.