530 So.2d 938 (1988)
Ford S. HAUSMAN, As Orange County Property Appraiser, Appellant,
v.
BAYROCK INVESTMENT COMPANY, Appellee.
No. 87-1666.
District Court of Appeal of Florida, Fifth District.
July 14, 1988.
Rehearing Denied September 15, 1988.
Steven R. Bechtel, Orlando, and Law Offices of Gaylord A. Wood, Jr., Ft. Lauderdale, for appellant.
Robert L. Harding, of Smith, MacKinnon, Mathews, Harris & Christiansen, P.A., Orlando, for appellee.
SHARP, Chief Judge.
Ford S. Hausman, Orange County Property Appraiser, appeals from a final judgment declaring that no value should be attributed to four buildings in a five building shopping center in Orange County, Florida, for the tax year 1986 because on January 1, 1986, they were not substantially complete. Hausman also argues that *939 section 192.042(1), Florida Statutes (1985)[1] is unconstitutional because it excludes from taxation valuable, albeit incomplete, improvements on realty, thereby offending the mandate in section 4, Article VII, Florida Constitution, 1968, that all property subject to ad valorem taxation be taxed at "just valuation." We think the validity of the statute is settled by Culbertson v. Seacoast Towers, East, Inc., 212 So.2d 646 (Fla. 1968), and Markham v. Yankee Clipper Hotel, Inc., 427 So.2d 383 (Fla. 4th DCA), rev. den., 434 So.2d 888 (Fla. 1983). However, we agree with Hausman that appellee failed to adduce sufficient evidence to overcome the presumption that the property appraiser[2] had made a legal assessment. See Markham v. Kauffman, 284 So.2d 416 (Fla. 4th DCA 1973), cert. den., 294 So.2d 653 (Fla. 1974).
The record in this case established that the appellee obtained a building permit to construct five shell buildings in a strip shopping center. Construction began in February of 1985. In December of 1985, appellee requested issuance of a certificate of occupancy for the four buildings involved in this proceeding. Final inspections were made and the certificates were issued prior to the end of December of 1985.
Appellee's witnesses at the trial below testified that the buildings were not substantially complete by January 1, 1986, the taxing date, because no one would have been allowed to occupy the "shells" to install the floor coverings, walls and panels as is customarily done by tenants of such shell buildings. See Metropolitan Dade County v. Colsky, 241 So.2d 440 (Fla. 3d DCA 1970), cert. den., 245 So.2d 869 (Fla. 1971). This was primarily because the City Engineer for the City of Orlando prohibited such occupancy for reasons not related to the building or the site itself. Apparently, occupancy by tenants was then prohibited by the City because appellee had failed to pay the City impact fees, meet various bonding requirements imposed by the City, and had not completed various required road improvements to the arterial road adjacent to the subject property. The validity of the City's actions in this regard is not challenged by appellee. Therefore, we do not think it has any relevance to whether the buildings or the site were substantially complete.
The electrical contractor for the buildings testified for appellee that the electrical work was finished on three of the buildings. On the fourth one, his workers were still roughing in wall receptacles, installing light fixtures, and "finishing up." The architect for the project also testified that on January 1, 1986, the four buildings were "very close to being complete." He said they were done to the point where a tenant could come onto the site and begin construction of his own improvements. The owner at the time of the trial, Stuart Gilman, testified that some glass canopy work and glass store fronts were missing, but when cross examined, he refused to say whether this applied to just the one building admittedly not complete, or one or more of the four involved in this suit. Utilities were available at the site, although connections to the buildings had not yet been made.
The test for substantial completion under section 192.042(1) is similar to that under section 193.071(4). If a building is able to be put to the use for which it was intended, even though lacking some minor *940 items, it may be deemed substantially complete for tax purposes. See John Henry Jones, Inc. v. Lanier, 376 So.2d 450 (Fla. 5th DCA 1979), cert. den., 386 So.2d 639 (Fla. 1980); Kauffman. Actual occupancy is not the appropriate test, particularly where shell buildings are involved. Colding v. Klausmeyer, 387 So.2d 430 (Fla. 2d DCA 1980); Colsky.
It appears to us that the four buildings involved in this proceeding were substantially completed on January 1, 1986, to the point the appellee intended. They were "shells," waiting to be finished by a tenant. The primary reason no tenants could fulfill this function had little to do with the status of the shell buildings on the site.
The tax assessor's determination that the buildings were substantially complete is presumptively correct. We do not think appellee overcame this presumption with sufficient proof. Further, the concept of "substantial completion" should be given a liberal interpretation in view of the constitution's just valuation mandate. Manufacturers National Corp. v. Blake, 287 So.2d 129 (Fla. 3d DCA 1973), cert. den., 294 So.2d 91 (Fla. 1974); Kauffman.
REVERSED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] Section 192.042, Florida Statutes (1985) reads as follows:

192.042 Date of assessment.  All property shall be assessed according to its just value as follows:
(1) Real property, on January 1 of each year. Improvements or portions not substantially completed on January 1 shall have no value placed thereon. "Substantially completed" shall mean that the improvement or some self-sufficient unit within it can be used for the purpose for which it was constructed.
(2) Tangible personal property, on January 1, except construction work in progress shall have no value placed thereon until substantially completed as defined in s. 192.001(11)(d).
(3) Intangible personal property, according to the rules laid down in chapter 199.
[2] Article VIII, Section 1(d), as originally enacted, called this office by the title "tax assessor." As amended in the 1974 general election, the title was changed to "property appraiser."