LEHAN, Acting Chief Judge.
This is an interlocutory appeal from an order granting the defendant’s motion for involuntary dismissal of count I of the third amended complaint. The order was entered at the conclusion of the plaintiffs’ case in a nonjury trial in this suit to enforce a reverter provision in an agreement under which plaintiffs deeded to defendant Polk County property for the construction of a road. The agreement provided that if the “proposed road” were not “substantially completed” by a certain date, the property would revert to the plaintiffs or the county could extinguish plaintiffs’ reverter right by the payment of a certain sum of money. We must reverse.
On appeal plaintiffs argue that the trial court erred in erroneously interpreting the term “proposed road” in the agreement to include only the portion on plaintiffs’ property, rather than the entire Lakeland Circumferential Route referred to in the agreement; in ruling that that portion was substantially completed, even if only that portion was to be the “proposed road”; in ruling for the county where there was a willful breach of the agreement by the county; and in engaging in trial conduct violative of plaintiffs’ right to a fair trial. There is no question that the entire Lake-land Circumferential Route was not completed by the date specified in the reverter provision. We agree with the first two of those contentions.
At the conclusion of the parties’ opening statements, before hearing any testimony, the trial court admitted the agreement into evidence. The court then ruled that the “proposed road” covered by the reverter provision in the agreement was that portion of the Lakeland Circumferential Route located on the plaintiffs’ property. No testimony was heard on that point before that ruling. It was only after granting the defendant’s motion for involuntary dismissal that the court allowed plaintiffs to proffer evidence in that regard.
The agreement is ambiguous as to the meaning of the term “proposed road,” i.e., whether that term meant the entire Lake-land Circumferential Route or that portion thereof on plaintiffs’ property. For example, a part of the agreement which would seem to be contrary to the trial court’s ruling refers to “other owners located along the route of the proposed road” and part which would seem to be consistent with that ruling says, “the proposed road shall be compatible with the OWNER’S drainage system.” Accordingly, the trial court should have heard plaintiffs’ evidence regarding the meaning of that term before deciding upon that meaning. See 23 Fla. Jur.2d Evidence and Witnesses § 346 (1980).
As to whether the “proposed road” was substantially completed, the testimony of plaintiffs’ expert was that it was not substantially completed on plaintiffs’ property. Also, there was evidence that the road on plaintiffs’ property was not open to the public. At one end was apparently a locked gate, and the other end stopped at a swamp 182 feet from plaintiffs’ property line. Thus, even under the definition of “proposed road” adopted by the trial court, there was evidence which, if accepted as true, appeared to make out a 'prima facie case for the plaintiffs. See Sherwood Park, Ltd. v. Meeks, 234 So.2d 702, 703 (Fla. 4th DCA 1970) (whether there has been substantial completion of an improvement depends upon whether the improvement can be put to the use for which it was intended). Because the trial court was ruling on a motion for an involuntary dismissal at the close of the plaintiffs’ case, a dismissal was not justified under those circumstances. See Lipp v. Lipp, 47 So.2d 488 (Fla.1950). Indeed, under these circumstances this court on appeal must “accept as true all of the evidence which was produced on behalf of the ... [plaintiffs] and ... glean the reasonable inferences deductible therefrom.” Id. “In so holding we do not mean to attempt in any manner to direct the ... [trial court] in the exercise of ... [its] sound judicial discretion in *84 granting or denying ... [the relief requested by the plaintiffs] after he has heard all of the evidence and considered the case upon its merits. We hold only that ... [the plaintiffs] made out a prima facie case....” Id.
Reversed and remanded for further proceedings in which the plaintiffs shall be permitted to supplement their evidence with parol evidence as to the meaning of the term “proposed road.”
FRANK and PATTERSON, JJ„ concur.