739 So.2d 175 (1999)
Rob TURNER, as Hillsborough County Property Appraiser, Appellant,
v.
HILLSBOROUGH COUNTY AVIATION AUTHORITY, a public body corporate under the laws of the State of Florida, the Tampa Sports Authority, a body corporate in politic of the State of Florida, and the New York Yankees Partnership, an Ohio limited partnership, Appellees.
No. 98-03123.
District Court of Appeal of Florida, Second District.
September 3, 1999.
*176 William D. Shepherd, General Counsel, Hillsborough County Property Appraiser's Office, Tampa, for Appellant.
Donald W. Stanley, Jr. and James S. Eggert of Allen, Dell, Frank & Trinkle, Tampa, for Hillsborough County Aviation Authority, Appellee.
Steven L. Brannock, Rebecca H. Steele, and Robert E.V. Kelley, Jr. of Holland & Knight, LLP, Tampa, for New York Yankees Partnership, Appellee.
John I. Van Voris of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for Tampa Sports Authority, Appellee.
FULMER, Judge.
This appeal concerns a dispute over the 1997 ad valorem tax status of property owned by the Hillsborough County Aviation Authority, leased to the Tampa Sports Authority and licensed to the New York Yankees for use as a baseball facility. At issue is the application of section 196.012(6), Florida Statutes (1997), which authorizes a governmental tax exemption to certain sports facilities with permanent seating. We hold that Rob Turner, in his official capacity as the Hillsborough County Property Appraiser, did not have standing to challenge the constitutionality of the exemption, and therefore, affirm the trial court's dismissal of Turner's complaint.
This controversy began when Turner assessed the subject property at approximately five million dollars without granting any portion of it a governmental tax exemption. The Aviation Authority filed a petition with the Value Adjustment Board (VAB), pursuant to section 194.011(3), Florida Statutes (1997), seeking to overturn Turner's assessment. The VAB ruled in favor of the Aviation Authority and reduced the assessment to approximately one million dollars based on its decision that, pursuant to section 196.012(6), the portion of the property on which the baseball diamonds and public seating were located qualified for tax exemption as a "sports facility with permanent seating." The VAB adjusted the assessment accordingly, and the tax rolls were recertified reflecting the adjusted assessment on March 11, 1998.
Turner filed suit in circuit court against the Aviation Authority and Melvin B. Smith, the Hillsborough County Tax Collector, pursuant to section 194.036(1)(a), (b), Florida Statutes (1997), which sets forth the procedure to appeal a VAB decision. Turner did not include the Florida Department of Revenue (DOR) as a party-defendant. The complaint alleged that the decision of the VAB violated Article VII, Section 3(a) of the Florida Constitution. The relief sought was reinstatement of Turner's denial of exemption status on the property.
The Aviation Authority filed a counter-claim to preserve its right to challenge Turner's original assessment in the event the court ruled adversely to the Authority on the exemption. The Aviation Authority named DOR as a defendant, but only served Turner and the Hillsborough County Tax Collector. The Yankees and the Sports Authority successfully intervened as defendants, as they ultimately would be responsible for paying the taxes under their contracts with the Aviation Authority.
On May 29, 1998, the defendants moved to dismiss the complaint on several *177 grounds, two of which were that Turner failed to join DOR as an indispensable party and that Turner did not have standing to challenge the constitutionality of the statute. On July 17, 1998, the trial court ruled that DOR was an indispensable party pursuant to section 194.181(5), Florida Statutes (1997), which provides in relevant part:
In any suit in which the assessment of any tax ... is contested on the ground that it is contrary to the State Constitution, the official of the state government responsible for overall supervision of the assessment and collection of such tax [DOR] shall be made a party defendant of such suit.
The trial court further ruled that it was futile to grant Turner leave to amend his complaint to add DOR as a party because the statute of limitations had run and the amendment would not "relate back" to the original date of filing. Concluding that the failure to join DOR in the original complaint warranted dismissal with prejudice, the trial court did not consider argument on the standing issue. Turner moved for reconsideration, but the motion was denied. While the motion for reconsideration was pending, the Aviation Authority voluntarily dismissed its counterclaim.
On appeal, Turner first argues that his suit is not a challenge to the constitutionality of the "assessment of any tax," and therefore, the joinder of DOR is not required. In response, the Appellees contend that Turner's suit is, in fact, a challenge to the constitutionality of the sports facility exemption in section 196.012(6) and that Turner, as an elected official who is sworn to uphold and enforce the laws, lacks standing to challenge the constitutionality of the tax-exemption statute. Therefore, the Appellees urge this court to affirm the trial court's dismissal of Turner's complaint on the alternative ground of standing.
Because this appeal presents a pure question of law, we review the trial court's ruling de novo. See Operation Rescue v. Women's Health Ctr., Inc., 626 So.2d 664, 670 (Fla.1993), aff'd in part, rev'd in part on other grounds, 512 U.S. 753, 114 S.Ct. 2516, 129 L.Ed.2d 593 (1994). Furthermore, the trial court's reasoning is not binding upon this court, and we may affirm the trial court's ruling on an alternative theory. See City of Tampa v. Carolina Freight Carriers Corp., 529 So.2d 324, 326 (Fla. 2d DCA 1988). Accordingly, we affirm on the ground that Turner lacked standing to challenge the statutory exemption. Because we affirm the trial court's dismissal on this alternative theory, we need not consider the trial court's reasoning concerning Turner's failure to join DOR as a party-defendant.
We begin our discussion of Turner's standing by reiterating the well-established, common law rule that "[s]tate officers and agencies must presume legislation affecting their duties to be valid, and do not have standing to initiate litigation for the purpose of determining otherwise." Department of Educ. v. Lewis, 416 So.2d 455, 458 (Fla.1982). Turner concedes the general rule but argues first that his complaint does not challenge the constitutionality of any statute, rather, it challenges only the decision of the VAB as being a violation of Article VII, Section 3(a) of the Florida Constitution. As explained below, we fail to see the distinction.
Next, Turner argues that in any event, he is not prohibited from challenging the constitutionality of the statutory exemption in this case because three exceptions to the general rule against standing apply here. He first asserts the public funds exception that allows a constitutional challenge where there is a necessity to protect public funds. See Barr v. Watts, 70 So.2d 347, 350 (Fla.1953). Turner contends that if the property is granted an exemption, the loss of tax dollars amounts to a loss of public funds. Without deciding whether this exception is broad enough to apply in the context of tax assessments, as explained more fully below, we conclude *178 that its application is precluded by the express language of section 194.036(1)(a).
Turner next cites to City of Pensacola v. King, 47 So.2d 317 (Fla.1950), to assert the second exceptionthat if a statute in question imposes duties on an officer that he fears will cause him to violate his oath of office, he may challenge the constitutionality of the act. Shortly after King was decided, the supreme court rejected this same argument, distinguished the dictum in King and re-affirmed the rule of State ex rel. Atlantic Coast Line Railway Co. v. State Board of Equalizers, 84 Fla. 592, 94 So. 681 (1922), that the "right to declare an act unconstitutional ... cannot be exercised by the officers of the executive department under the guise of the observance of their oath of office to support the Constitution." Barr, 70 So.2d at 350-351. Thus, this exception is no longer viable, if indeed it ever was.
The last exception Turner asserts is that the constitutionality of a statute can be raised defensively by a public official. In his brief, Turner argues that if this court reinstates his complaint and if the Aviation Authority asserts the sports facilities provision of section 196.012(6), or any other questionable statute, he may defensively raise the constitutionality of the statute. Suffice it to say, we do not view Turner to be in a defensive position as the plaintiff in his lawsuit. We acknowledge that our conclusion on this issue appears to be in conflict with Fuchs v. Robbins, Nos. 98-275, 98-274, 738 So.2d 338 (Fla. 3d DCA 1998)(en banc), appeal filed, No. 96,182 (Fla. Aug. 4, 1999), wherein the Third District characterized a property appraiser's complaint filed pursuant to section 194.036 as a defensive action. In a concurring opinion, Judge Sorondo explains that the litigation should be viewed as beginning not when the property appraiser filed suit in circuit court, but when the taxpayer challenged the property appraiser's assessment by petition to the VAB. Thus, he reasons, the property appraiser became a plaintiff only by a procedural requirement of the statute. We believe this analysis overlooks the fact that if the property appraiser had followed the law initially, as State ex rel. Atlantic Coast Line Railway Co. dictates he is obligated to do, the taxpayer would not have been forced to petition the VAB and set the litigation in motion. It both defies logic and violates the rule of State ex rel. Atlantic Coast Line Railway Co. to suggest that Turner can ignore the law by denying an exemption based on his belief that it is unconstitutional and then be allowed to ask the court to approve his disobedience by upholding his denial.
Having concluded that no exception to the general standing rule applies, we return to Turner's contention that his complaint does not challenge the constitutionality of a statute, but only alleges that the VAB decision violates the constitution. As we previously said, we fail to see the distinction. The facts of this case, as we have been able to glean them from the scant record, appear to be as follows. The portion of the property which contains the baseball diamonds and permanent seating and for which access is open to the general public clearly meets the criteria for the "sports facility with permanent seating" exemption authorized by section 196.012(6). Notwithstanding this fact, Turner denied the request for exemption. Although the record does not contain the notice setting forth the ground for denial, which is required to be served on the applicant by section 196.011(6), it appears to be undisputed that Turner was of the opinion that the sports facility exemption was unconstitutional.[1] We make this determination *179 based on the statement contained in Turner's brief: "Turner denied the request for exemption because he did not believe the property was being used by the New York Yankees for a governmental purpose as set forth by the Florida Constitution Article VII, Sec. 3(a). Property tax exemptions must arise from the Florida Constitution and the legislature is without the power to grant an exemption which is not specifically mandated by the Florida Constitution." Turner then argues again that his suit does not contest an assessment on the ground that it is contrary to the State Constitution, but rather seeks to establish that his initial assessment was consistent with the State Constitution, and therefore, should be upheld. We find this argument works its way around a circle that begins with Turner refusing to apply the exemption and ends with Turner asking the court to uphold his denial, which of course, requires that the court find the VAB violated the State Constitution by granting the exemption. The only way a court can determine that the VAB decision violates the constitution is to find that the exemption is unconstitutional.
The property at issue meets the criteria of section 196.012(6), in which the legislature deemed certain uses of property by certain lessees to be governmental uses. Until this statute was declared unconstitutional, it was presumed constitutional, and all property appraisers had a duty to apply it. Turner was without authority to change the legislature's definition of governmental purpose. Therefore, Turner's refusal to apply the statutory exemption and his subsequent filing of a complaint alleging that the VAB violated the constitution by granting the exemption are both acts that challenge the constitutionality of the statute. Our conclusion is underscored by the fact that the relief Turner seeks in his complaint is reinstatement of his denial of the exemption. Thus, we conclude that Turner initiated a challenge to the constitutionality of the statute first by refusing to apply it, and second by seeking to have its application by the VAB declared a violation of the constitution.
Turner's challenge to the constitutionality of this tax exemption is not only prohibited by common law, it is also prohibited by the express language of the statute under which Turner's suit was filed. Section 194.036(1) provides that a property appraiser who disagrees with a decision of the VAB may appeal the decision upon establishing that the appropriate "criteria" have been met. The statutory criteria for bringing suit include the circumstance where a property appraiser determines and asserts in a legal proceeding a "specific constitutional violation" in the decision of the VAB. See § 194.036(1)(a), Fla. Stat. (1997). However, this subsection also provides that: "nothing herein shall authorize the property appraiser to institute any suit to challenge the validity ... of any duly enacted legislative act of this state." Id. Therefore, even if a property appraiser is convinced that an enactment is unconstitutional, we interpret section 194.036(1)(a) to prohibit that official from instituting legal proceedings to challenge its validity. And, as we stated earlier, this express prohibition leads us to conclude that the "public funds" exception does not apply to appeals of a VAB decision initiated by a property appraiser.

Conclusion
Turner's suit is a challenge to the constitutional validity of section 196.012(6), and therefore, is expressly prohibited by section 194.036(1)(a), Florida Statutes (1997). This statutory prohibition of constitutional challenges by property appraisers is in accord with the general common law principle denying ministerial officers the power to challenge the constitutionality of statutes. See State ex rel. Atlantic Coast Line Ry. v. State Bd. of Equalizers, 84 Fla. 592, *180 94 So. 681 (1922); Barr v. Watts, 70 So.2d 347, 351 (Fla.1953). Accordingly, we affirm.
We acknowledge conflict with Fuchs v. Robbins, Nos. 98-275, 98-274, 738 So.2d 338 (Fla. 3d DCA 1998)(en banc), appeal filed, No. 96,182 (Fla. Aug. 4, 1999), and certify the conflict to the Supreme Court of Florida.
Affirmed.
THREADGILL, A.C.J., and JACOBSEN, DONALD G., ASSOCIATE JUDGE, Concur.
NOTES
[1] On September 11, 1998, this court held unconstitutional the portion of section 196.012(6) exempting sports facilities with permanent seating. See Sebring Airport Auth. v. McIntyre, 718 So.2d 296 (Fla. 2d DCA 1998), review granted, Florida Dep't of Revenue v. McIntyre, 729 So.2d 390 (Fla.1999). However, our decision in Sebring is not dispositive of the threshold standing issue that we address herein, nor does it moot this appeal because at the time Turner declined to grant the exemption at issue here, the statute had not yet been declared unconstitutional.