818 So.2d 460 (2002)
Lawrence FUCHS, etc., Appellant,
v.
Joel W. ROBBINS, etc., Appellee.
The Miami Beach Ocean Resort, Inc., Appellant,
v.
Joel W. Robbins, etc., Appellee.
Rob Turner, etc., Petitioner,
v.
Hillsborough County Aviation Authority, etc., et al., Respondents.
Nos. SC96182, SC96183, SC96674.
Supreme Court of Florida.
April 4, 2002.
Rehearing Denied May 31, 2002.
*461 Robert A. Butterworth, Attorney General, and Joseph C. Mellichamp, III, Senior Assistant Attorney General, Tallahassee, FL; Kenneth M. Bloom of Bloom & Minsker, Miami, FL; and Arnaldo Velez, Coral Gables, FL, for Appellants.
Robert A. Ginsburg, Miami-Dade County Attorney, and Jay W. Williams, Assistant County Attorney, Miami, FL, for Appellee.
Larry E. Levy and Loren E. Levy of the Levy Law Firm, Tallahassee, FL, for Property Appraisers' Association of Florida, Inc., Amicus Curiae.
Darrell White of McFarlain, Wiley, Cassedy & Jones, P.A., Tallahassee, FL; and Keith Hetrick, Florida Home Builders Association, Tallahassee, FL, for Florida Home Builders Association, Amicus Curiae.
Stuart H. Singer, Richard J. Brener and Rima Y. Mullins of Kirkpatrick & Lockhart LLP, Miami, FL, for U.S. Home Corp., Pulte Homes Corp., Centex Real Estate Corp., and Landstar Development Corp., Amici Curiae.
Dan R. Stengle, David L. Powell, and T. Kent Wetherell, II of Hopping, Green, Sams & Smith, P.A., Tallahassee, FL; and Robert M. Rhodes, Executive Vice President and General Counsel, The St. Joe Company, Jacksonville, FL, for the St. Joe Company, Amicus Curiae.
Sarah M. Bleakley and Heather J. Melom of Nabors, Giblin & Nickerson, P.A., Tallahassee, FL, for Florida Association of Counties, Florida Association of County Attorneys and Florida League of Cities, Amici Curiae.
Robert S. Goldman of Vickers, Madsen & Goldman, LLP, Tallahassee, FL, for Qwest Communications Corporation, Amicus Curiae.
Victoria L. Weber and Donna E. Blanton of Steel, Hector & Davis LLP, Tallahassee, FL; and Thomas R. Julin and Edward M. Mullins of Steel, Hector & Davis, Miami, FL, for Florida Power & Light Company, Amicus Curiae.
William D. Shepherd, Hillsborough County Property Appraiser's Office, Tampa, FL, for Petitioner.
Donald W. Stanley, Jr., and James S. Eggert, Tampa, FL, on behalf of the Hillsborough County Aviation Authority; Steven L. Brannock and Robert E.V. Kelley, Jr. of Holland & Knight LLP, Tampa, FL, on behalf of New York Yankees Partnership; and John I. Van Voris of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, FL, on behalf of Tampa Sports Authority, for Respondents.
PER CURIAM.
We have for review three cases (two of which are consolidated) which share a common issue. In Turner v. Hillsborough County Aviation Authority, 739 So.2d 175 (Fla. 2d DCA 1999), the Second District Court of Appeal determined that, in an action to contest an adverse decision of the Value Adjustment Board (VAB) filed by the tax appraiser pursuant to section 194.036(1)(a)(b), Florida Statutes (1997),[1] *462 the appraiser does not have standing to challenge the constitutionality of an applicable property valuation statute. In so holding, the Second District certified conflict with Fuchs v. Robbins, 738 So.2d 338 (Fla. 3d DCA 1999) (on rehearing en banc), which involved two consolidated cases in which the Third District Court of Appeal had determined, conversely, that the property appraiser in that posture does have standing to challenge the constitutionality of such a statute. The Third District additionally declared section 192.042, Florida Statutes (1993) (the "substantial completion" statute) to be unconstitutional. We have jurisdiction. See art. V, § 3(b)(1), (4), Fla. Const.

STATEMENT OF FACTS
In these cases, the tax appraiser initially assessed the subject properties (a stadium in Turner and an unfinished, multimillion-dollar hotel in Fuchs) at just value, without applying a "public purpose" exemption for the stadium, or assessing the partially-built hotel at "zero" value based upon its incomplete improvements. See Turner, 739 So.2d at 176 (reflecting that Turner had originally assessed property owned by the Hillsborough County Aviation Authority, leased to the Tampa Sports Authority and licensed to the New York Yankees for use as a baseball facility, "at approximately five million dollars without granting any portion of it a governmental tax exemption"); Fuchs, 738 So.2d at 341 (observing that the tax assessment valuation on the incomplete improvements, based upon expert testimony to which no objection was made nor any contrary evidence provided, was $3,790,227 as of January 1, 1992). See generally art. VII, § 4, Fla. Const. (providing *463 that "[b]y general law regulations shall be prescribed which shall secure a just valuation of all property for ad valorem taxation"); § 193.011, Fla. Stat. (1991) (effectuating the constitutional provision by specifying eight factors to be considered in deriving just valuation of property). In Turner, the taxpayer had claimed an exemption pursuant to section 196.012(6), Florida Statutes (1997),[2] for that part of the property which served as a sports facility with permanent seating. It challenged the tax appraiser's assessment before the VAB, which agreed with the taxpayer, finding that the exemption applied. The property appraiser then filed a complaint pursuant to section 194.036, Florida Statutes (1997), challenging the adverse decision of the VAB. The circuit court dismissed the suit, finding that Turner had failed to join an indispensable party, the Department of Revenue (DOR). The appellate court affirmed (without addressing the issue concerning DOR) on the basis that Turner did not have standing to challenge the constitutionality of the statute.
In Fuchs, the property appraiser assessed the incomplete hotel at its fair market value. The taxpayer challenged the assessment before the VAB, which agreed with the taxpayer that a "zero" valuation applied, because the improvements were not "substantially complete." The property appraiser then filed a complaint pursuant to section 194.036, challenging the VAB's decision. In so doing, the appraiser challenged the constitutionality of the "substantial completion" statute, section 192.042, Florida Statutes (1993). The trial court found the statute to be unconstitutional, as a violation of article VII, section 4, Florida Constitution.
On appeal, a panel of the Third District disagreed; although it determined that the property appraiser had standing to challenge the constitutionality of the applicable statute in this context, it also held that the statute was not unconstitutional. Upon rehearing en banc, however, the Third District, in a unanimous opinion, affirmed the trial court's ruling in its entirety. In so doing, it approved the panel's determination regarding the tax appraiser's standing. These timely appeals and petition for review followed.

PROPERTY APPRAISER'S STANDING
The initial question presented is whether, in an action filed by a property appraiser seeking review of an adverse decision of the VAB which has overturned the appraiser's ad valorem tax assessment on a subject property, the appraiser may, within an appeal pursuant to section 194.036, Florida Statutes (1997), challenge the validity of a statute on the basis that such statute is contrary to limitations imposed by the United States Constitution or the Florida Constitution. We conclude that an appraiser may not, in that context, challenge the constitutionality of an applicable valuation statute.
Historically, it has been recognized that an appraiser acting in his or her official capacity cannot ordinarily initiate an independent action challenging the validity of a taxing statute which allegedly provides for an ad valorem tax exemption (express or de facto) which is contrary to limitations imposed by the Florida Constitution. See Markham v. Yankee Clipper Hotel, Inc., 427 So.2d 383 (Fla. 4th DCA) (holding that a property appraiser who is dissatisfied with the wisdom of a taxation *464 statute cannot challenge the validity of the statute in an action for declaratory relief), review denied, 434 So.2d 888 (Fla.1983). The appraiser can make such a challenge, however, if the taxing statute at issue involves the disbursement of public funds. See Kaulakis v. Boyd, 138 So.2d 505, 507 (Fla.1962) (recognizing that "the general rule that a ministerial officer cannot in a judicial proceeding attack the validity of a law imposing duties on him is subject to the exception that such a law may be challenged where it involves the disbursement of public funds"); Barr v. Watts, 70 So.2d 347, 351 (Fla.1953) (observing, without finding it applicable, that an exception to the Atlantic Coast Line[3] rule that the "right to declare an act unconstitutional... cannot be exercised by the officers of the executive department under the guise of the observance of their oath of office to support the Constitution" becomes applicable "when the public may be affected in a very important particular, its pocketbook," and, in such case, "the necessity of protecting the public funds is of paramount importance, and the rule denying to ministerial officers the right to question the validity of the Act must give way to a matter of more urgent and vital public interest"). The appraiser may also raise such a constitutional defense in an action initiated by the taxpayer challenging a property assessment. See Department of Educ. v. Lewis, 416 So.2d 455, 458 (Fla. 1982) (observing that, while state officers "must presume legislation affecting their duties to be valid, and do not have standing to initiate litigation for the purpose of determining otherwise," because, in such case, they do not "have a sufficiently substantial interest or special injury to allow the court to hear the challenge," if "the operation of a statute is brought into issue in litigation brought by another against a [state officer, the officer] may defensively raise the question of the law's constitutionality").
However, as we recognized in Department of Education v. Lewis, 416 So.2d 455, 458 (Fla.1982), "[s]tate officers and agencies must presume legislation affecting their duties to be valid, and do not have standing to initiate litigation for the purpose of determining otherwise." Section 194.036(1)(a) provides no exception to this rule. Indeed, it specifically provides, in pertinent part, that "nothing herein shall authorize the property appraiser to institute any suit to challenge the validity of any portion of the constitution or of any duly enacted legislative act of this state." As aptly observed by the Second District in Turner, "[t]his statutory prohibition of constitutional challenges by property appraisers is in accord with the general common law principle denying ministerial officers the power to challenge the constitutionality of statutes." 739 So.2d at 179-80 (citing State ex rel. Atlantic Coast Line Ry. Co. v. State Bd. of Equalizers, 84 Fla. 592, 94 So. 681 (1922), and Barr v. Watts, 70 So.2d 347, 351 (Fla. 1953)). Accordingly, we approve the decision in Turner, and reverse the decision in Fuchs.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] That statute provides:

194.036. Appeals.Appeals of the decisions of the board shall be as follows:
(1) If the property appraiser disagrees with the decision of the board, he or she may appeal the decision to the circuit court if one or more of the following criteria are met:
(a) The property appraiser determines and affirmatively asserts in any legal proceeding that there is a specific constitutional or statutory violation, or a specific violation of administrative rules, in the decision of the board, except that nothing herein shall authorize the property appraiser to institute any suit to challenge the validity of any portion of the constitution or of any duly enacted legislative act of this state;
(b) There is a variance from the property appraiser's assessed value in excess of the following: 15 percent variance from any assessment of $50,000 or less; 10 percent variance from any assessment in excess of $50,000 but not in excess of $500,000; 7.5 percent variance from any assessment in excess of $500,000 but not in excess of $1 million; or 5 percent variance from any assessment in excess of $1 million; or
(c) There is an assertion by the property appraiser to the Department of Revenue that there exists a consistent and continuous violation of the intent of the law or administrative rules by the value adjustment board in its decisions. The property appraiser shall notify the department of those portions of the tax roll for which the assertion is made. The department shall thereupon notify the clerk of the board who shall, within 15 days of the notification by the department, send the written decisions of the board to the department. Within 30 days of the receipt of the decisions by the department, the department shall notify the property appraiser of its decision relative to further judicial proceedings. If the department finds upon investigation that a consistent and continuous violation of the intent of the law or administrative rules by the board has occurred, it shall so inform the property appraiser, who may thereupon bring suit in circuit court against the value adjustment board for injunctive relief to prohibit continuation of the violation of the law or administrative rules and for a mandatory injunction to restore the tax roll to its just value in such amount as determined by judicial proceeding. However, when a final judicial decision is rendered as a result of an appeal filed pursuant to this paragraph which alters or changes an assessment of a parcel of property of any taxpayer not a party to such procedure, such taxpayer shall have 60 days from the date of the final judicial decision to file an action to contest such altered or changed assessment pursuant to s. 194.171(1), and the provisions of s. 194.171(2) shall not bar such action.
(2) Any taxpayer may bring an action to contest a tax assessment pursuant to s. 194.171.
(3) The circuit court proceeding shall be de novo, and the burden of proof shall be upon the party initiating the action.
[2] This statute, which purported to provide an ad valorem tax exemption for certain sports facilities with permanent seating, was found unconstitutional in Sebring Airport Authority v. McIntyre, 783 So.2d 238 (Fla.2001).
[3] State ex rel. Atlantic Coast Line Ry. Co. v. State Bd. of Equalizers, 84 Fla. 592, 94 So. 681, 682 (1922) (reasoning that "[e]very law found upon the statute books is presumptively constitutional until declared otherwise by the courts," and that "ministerial officers must obey it, until in a proper proceeding its constitutionality is judicially passed upon").