PER CURIAM.
The taxpayer, a condominium under construction, challenged property appraiser’s valuation for the tax year 1997 in the amount of $22,000,000.00, arguing that, pursuant to Section 192.042, Florida Statutes, it should have received a zero -value for ad valorem taxation because it was not “substantially completed” as of January 1 of the tax year. The property appraiser put up a general denial with an affirmative defense asserting the constitutional invalidity of Section 192.042, Florida Statutes, supra. The trial judge agreed with the property appraiser and held Section 192.042 unconstitutional. We agree with the trial court.
An extended discussion of the issue is unwarranted in light of Judge Fletcher’s able, comprehensive and well-reasoned opinion en banc for this Court in Fuchs v. Robbins, 738 So.2d 338, 341-348 (Fla. 3d DCA 1999).[1] We incorporate and adopt Judge Fletcher’s opinion as though it were set out fully. Employing that reasoning and analysis, we agree with the trial judge *1182 and hold that Section 192.042, Florida Statutes is unconstitutional.
Affirmed.

. That en banc decision was reversed by the Supreme Court in Fuchs v. Robbins, 818 So.2d 460 (Fla.2002), on the basis that, under the procedural setting in Fuchs, the property appraiser did not have standing to challenge the constitutionality of the statute. The parties here do not dispute the property appraiser’s right to raise the unconstitutionality of the statute when defending against the taxpayer's challenge to the appraiser's assessment.