# Third District Court of Appeal

## State of Florida

Opinion filed December 21, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-510
Lower Tribunal No. 12-29000
_____

**Joyce Hardin, as Personal Representative of the Estate of Thomas B. Hardin,**
Appellant/Cross-Appellee,

vs.

**R.J. Reynolds Tobacco Company, a Foreign Corporation,**
Appellee/Cross-Appellant.


An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

The Ferraro Law Firm, P.A., Paulo R. Lima, Allan B. Kaiser and Juan P. Bauta, II, for appellant/cross-appellee.

King & Spalding, LLP, Scott Michael Edson (Washington, DC) and William L. Durham (Atlanta, GA), for appellee/cross-appellant.


Before SALTER, FERNANDEZ and LOGUE, JJ.

FERNANDEZ, J.

Joyce Hardin, etc., appeals the denial of her Motion for Leave to Amend Complaint to seek punitive damages on her non-intentional tort claims. Appellee

R.J. Reynolds Tobacco Company, etc., cross-appeals the trial court's ruling that allowed Hardin to exercise peremptory strikes on two male jurors without articulating a non-pretextual, gender-neutral reason. We reverse the trial court's denial of Hardin's motion for leave to amend complaint because Hardin properly preserved the issue in her motion, and we remand for a new trial limited to the issue of punitive damages for the non-intentional tort claims. The trial court's ruling on the issue of peremptory strikes is affirmed without further discussion.

Joyce Hardin, the personal representative of the estate of her deceased husband Thomas B. Hardin, filed a wrongful death action for strict liability, negligence, fraud, and conspiracy to fraudulently conceal. She moved for leave to amend her complaint to add a claim for punitive damages for both the intentional and non-intentional tort claims. Shortly thereafter, the First District Court of Appeal held that Engle progeny plaintiffs may not seek punitive damages for non-intentional tort claims and certified the question on such damages to the Florida Supreme Court as one of great public importance. Soffer v. R.J. Reynolds Tobacco Co., 106 So. 3d 456 (Fla. 1st DCA 2012). Hardin then supplemented her motion for leave to amend and asked the trial court to provisionally grant her motion to allow punitive damages for her non-intentional tort claims pending the Florida Supreme Court's disposition of Soffer. The trial court denied her motion.

The Florida Supreme Court ultimately vacated the First District's Soffer decision and held that Engle class members are not prevented from seeking

2

punitive damages on all claims properly raised in their individual actions. <u>Soffer v. R.J. Reynolds Tobacco Co.</u>, 187 So. 3d 1219, 1233 (Fla. 2016). The Florida Supreme Court additionally held that the proper remedy would be to reverse and remand for a new trial limited to the issue of punitive damages. <u>Id.</u> Hardin properly raised the claim in her motion for leave to amend, which the trial court denied. She is thus entitled to a new trial consistent with the Florida Supreme Court's pronouncement in <u>Soffer</u>.

We therefore reverse the trial court's denial of Hardin's motion for leave to amend complaint because Hardin properly preserved the issue in her motion, and we remand for a new trial limited to the issue of punitive damages for Hardin's non-intentional tort claims. We affirm the trial court's ruling on the issue raised in the cross-appeal.

Reversed in part, affirmed in part, and remanded.