DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PHILIP MORRIS USA INC.** and **R.J. REYNOLDS TOBACCO COMPANY,**
Appellants,

v.

**ROBERT A. GORE, SR.,** as Personal Representative of the Estate of
**GLORIA H. GORE,**
Appellee.

No. 4D15-3892

[ February 14, 2018 ]

Appeal and cross-appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia A. Cox, Judge; L.T. Case No. 312008010052CA04.

Geoffrey J. Michael of Arnold & Porter LLP, Washington, DC, and David Northrip of Shook, Hardy & Bacon, Kansas City, MO, for Appellant Philip Morris USA, and Gregory G. Katsas of Jones Day, Washington, DC, and Charles R.A. Morse of Jones Day, New York, NY, for Appellant R.J. Reynolds Tobacco Company.

Bard D. Rockenbach and Andrew A. Harris of Burlington & Rockenbach, P.A., West Palm Beach, and Jason L. Odom of Gould, Cooksey, Fennell, P.A., Vero Beach, for appellee.

TAYLOR, J.

This is an *Engle*[1] progeny wrongful death case brought by the plaintiff, Robert Gore, personal representative of the estate of his late wife, Gloria Gore, against the defendants, Philip Morris and R.J. Reynolds. The defendants appeal a final judgment awarding the plaintiff $460,000 against each of them after the trial court applied the jury's comparative fault determination. The plaintiff cross-appeals the judgment, raising issues concerning punitive damages and comparative fault. We affirm as to the main appeal, and reverse and remand as to both issues raised in the cross-appeal.

---

[1] *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246 (Fla. 2006).

As to the main appeal, we conclude that the defendants failed to preserve any *Daubert*[2] challenge to the testimony of the plaintiff's expert historian, Dr. Proctor, concerning the defendants' use of ammonia in an effort to increase the addictiveness of cigarettes. "In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." *Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) (quoting *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985)).

The trial court ruled that Dr. Proctor could testify regarding his historical review of the defendants' efforts to manipulate the addictiveness of cigarettes, but that he was not qualified to give an opinion on the chemistry of tobacco. To the extent the defendants now suggest on appeal that Dr. Proctor's testimony went beyond a historical opinion and ventured into a scientific opinion (i.e., that adding ammonia to cigarettes increases their addictiveness), the defendants failed to preserve any *Daubert* objection.

Although the defendants raised the *Daubert* issue in a pre-trial motion in limine, the trial court deferred ruling on it until trial. At trial, however, the defendants never made any contemporaneous objection raising the specific argument that Dr. Proctor's ammonia testimony violated *Daubert* or section 90.702, Florida Statutes. Indeed, there are no references by the defendants to "*Daubert*" or "section 90.702" anywhere in the trial transcript. We conclude, therefore, that this issue was not preserved for appellate review. *See Boyles v. A & G Concrete Pools, Inc.*, 149 So. 3d 39, 43–44 (Fla. 4th DCA 2014) (when a trial court declines to rule on a motion in limine before trial, the moving party must raise a contemporaneous objection at trial to preserve the issue for appellate review).

With respect to the defendants' remaining claims on appeal, we reject the defendants' due process and preemption arguments. *See Philip Morris USA, Inc., v. Douglas*, 110 So. 3d 419, 430–36 (Fla. 2013); *R.J. Reynolds Tobacco Co. v. Marotta*, 214 So. 3d 590, 605 (Fla. 2017).

Turning to the cross-appeal, we agree with the plaintiff's argument that he is permitted to seek punitive damages on his claims for negligence and strict liability. *See Soffer v. R.J. Reynolds Tobacco Co.*, 187 So. 3d 1219, 1221–22 (Fla. 2016). The plaintiff preserved this issue by making a conditional request to amend his complaint to seek punitive damages on

---

[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

his non-intentional tort claims in the event the Florida Supreme Court decided *Soffer* in his favor.[3] *See Hardin v. R.J. Reynolds Tobacco Co.*, 208 So. 3d 291, 292 (Fla. 3d DCA 2016) (holding that the plaintiff properly preserved the same issue by asking the trial court "to provisionally grant her motion to allow punitive damages for her non-intentional tort claims pending the Florida Supreme Court's disposition of *Soffer*"). On remand, the plaintiff is entitled to seek leave from the trial court to add claims for punitive damages on his non-intentional tort claims. *See Philip Morris USA, Inc. v. Blackwood*, 4D16-897, 2018 WL 354549, at *1 (Fla. 4th DCA Jan. 10, 2018).

Finally, we address the plaintiff's argument that the trial court should not have applied comparative fault to reduce the compensatory damages award. Because the jury found for the plaintiff on the intentional tort claims, the compensatory damages award may not be reduced by comparative fault unless the plaintiff waived the intentional tort exception to the comparative fault statute. *See Schoeff v. R.J. Reynolds Tobacco Co.*, SC15-2233, 42 Fla. L. Weekly S951, 2017 WL 6379591 at *7 (Fla. Dec. 14, 2017). The intentional tort exception, however, is not waived simply because an *Engle* plaintiff argues comparative fault on the negligence counts. *Id.* at *8.

Here, the plaintiff's arguments to the jury were similar to those in *Schoeff* that the Florida Supreme Court found to be insufficient to constitute a waiver of the intentional tort exception. Moreover, although the defendants now attempt to distinguish *Schoeff* on the basis that the verdict form here, unlike in *Schoeff*, asked jurors to apportion fault *after* the questions concerning the intentional tort claims, we are unpersuaded by this argument. The verdict form in this case, to which the defendants agreed, does not give rise to a finding that the plaintiff intentionally relinquished the right to seek punitive damages for his non-intentional tort claims.[4] *See Smith v. R.J. Reynolds Tobacco Co.*, No. 13-14316, 2018 WL

---

[3] The trial court did not—and legally could not under this court's case law at the time—grant the plaintiff's request. Instead, the trial court entered an order allowing the plaintiff to plead punitive damages as to his intentional tort claims only.

[4] Notably, the defendants did not rely on the verdict form as part of their waiver theory below—or even in this appeal before we permitted supplemental briefing on *Schoeff*. In fact, at trial, one of the defense lawyers stated the following in reference to the structure of the verdict form: "We ultimately did this as a compromise so that, if in the event it became an issue afterwards, both sides' positions were preserved as to whether comparative fault was going to apply to all the claims."

549141, at *7 (11th Cir. Jan. 25, 2018) (rejecting the defendant's waiver argument, in part because the defendant "did not object to the verdict form that was given to the jury," even though the verdict form "could clearly have been drafted in a way that minimized, or even eliminated, any jury confusion").

As the Eleventh Circuit explained: "It is difficult to conclude that a litigant who has consistently proclaimed his opposition to apportionment of fault on an intentional tort claim has somehow waived his right to later maintain that position as to the entry of the judgment." *Id.* We likewise find that the plaintiff did not waive the intentional tort exception in this case.[5] Accordingly, we reverse and remand on this issue with instructions for the trial court to award compensatory damages in the full amount of the jury's verdict.

In sum, we affirm on the main appeal, reverse on the cross-appeal, and remand for further proceedings consistent with this opinion.

*Affirmed on main appeal; Reversed and Remanded on cross-appeal.*

WARNER and DAMOORGIAN, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

---

[5] It is unclear whether the trial court's decision to give effect to the jury's comparative fault determination was based in part on the defendants' waiver argument, or instead whether it was based solely on the trial court's application of the then-existing law in this district that the intentional tort exception did not apply to *Engle* cases. Assuming, *arguendo*, that the trial court's decision was grounded in part on the plaintiff's alleged waiver of the intentional tort exception, any finding of waiver would be an abuse of discretion under the circumstances of this case.

4