DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**R.J. REYNOLDS TOBACCO COMPANY,**
Appellant,
v.

**BERTIE THOMAS,** as Personal Representative of the
Estate of Marvin Thomas,
Appellee.

No. 4D17-3040

[February 13, 2019]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy III, Judge; L.T. Case No. 07-CV-036432 (19).

William L. Durham II and Val Leppert of King & Spalding LLP, Atlanta, Georgia, for appellant.

Richard B. Rosenthal of The Law Offices of Richard B. Rosenthal, P.A., Miami, and Eric S. Rosen of Kelley Uustal, PLC, Fort Lauderdale, for appellee.

GROSS, J.

In this *Engle*[1] wrongful death action, R.J. Reynolds ("RJR") appeals a final judgment awarding the plaintiff $2.2 million in compensatory damages after making a reduction for the decedent's comparative fault. The plaintiff, Bertie Thomas, cross-appeals the trial court's reduction of the compensatory damages award by the decedent's share of comparative fault. We affirm on all issues raised by RJR without further comment, but we reverse on the cross-appeal and remand for reinstatement of the full value of the jury's compensatory damages verdict.

By way of background, the jury returned a verdict finding in favor of the plaintiff on each claim, apportioning 45% of the fault to the decedent, determining that the total amount of compensatory damages was $4 million, and concluding that punitive damages were not warranted. Over the plaintiff's objection, the trial court made a reduction for the decedent's comparative fault and entered final judgment awarding the plaintiff $2.2 million in compensatory damages.

---

[1] *Engle v. Liggett Grp., Inc.,* 945 So. 2d 1246 (Fla. 2006).

Under the law in this district at the time this case was tried, an *Engle* plaintiff's compensatory damages award had to be reduced by the smoker's share of comparative fault even if the plaintiff prevailed on intentional tort claims. *See R.J. Reynolds Tobacco Co. v. Schoeff*, 178 So. 3d 487 (Fla. 4th DCA 2015) ("*Schoeff I*").

However, the Florida Supreme Court later quashed *Schoeff I* and held that "the comparative fault statute does not apply to *Engle* progeny cases in which the jury finds for the plaintiff on the intentional torts such that the compensatory damage awards in those cases are not subject to reduction." *Schoeff v. R.J. Reynolds Tobacco Co.*, 232 So. 3d 294, 298 (Fla. 2017) ("*Schoeff II*"). The Florida Supreme Court further explained that where the jury finds for the plaintiff on the intentional tort claims, the plaintiff's compensatory damages award "may not be reduced" by comparative fault unless the plaintiff "waived the intentional tort exception." *Id.* at 305.

On the cross-appeal, the plaintiff argues that the trial court erred in reducing the compensatory damages award based on comparative fault where the jury found for the plaintiff on the intentional tort claims. We agree.

As an initial matter, the plaintiff did not waive the intentional tort exception to comparative fault. Throughout the litigation, the plaintiff steadfastly maintained her position that any compensatory damages award should not be reduced by comparative fault. Moreover, all of RJR's waiver arguments based on the plaintiff's trial conduct have been foreclosed by *Schoeff II* and subsequent case law applying that decision. *See Schoeff II*, 232 So. 3d at 306 (rejecting this court's "theory of waiver" that was based on arguments substantially similar to those now raised by RJR in this appeal); *Philip Morris USA, Inc. v. Gore*, 238 So. 3d 828, 831 (Fla. 4th DCA 2018) ("Here, the plaintiff's arguments to the jury were similar to those in *Schoeff* that the Florida Supreme Court found to be insufficient to constitute a waiver of the intentional tort exception. Moreover, although the defendants now attempt to distinguish *Schoeff* on the basis that the verdict form here, unlike in *Schoeff*, asked jurors to apportion fault *after* the questions concerning the intentional tort claims, we are unpersuaded by this argument."); *Burkhart v. R.J. Reynolds Tobacco Co.*, 884 F.3d 1068, 1089 (11th Cir. 2018) ("It is true that this rhetorical question clearly compared Burkhart's negligent conduct with Appellants' intentional conduct. However, in light of the entire body of the trial record, we conclude that this statement cannot amount to a waiver of Burkhart's apportionment rights with respect to her negligence claims.").

We next turn to the appropriate remedy for the error. Relying heavily upon *Foreline Security Corp. v. Scott*, 871 So. 2d 906, 911 (Fla. 5th DCA 2004), RJR contends that because the jury was instructed that its damages verdict would be reduced by comparative fault, the proper remedy for a reversal on this issue is a new trial limited to damages and comparative fault.

In *Philip Morris USA Inc. v. Martin*, 43 Fla. L. Weekly D2747, D2749–50 (Fla. 4th DCA Dec. 12, 2018), however, we recently rejected this identical argument and held the proper remedy for a trial court's error in applying a comparative fault reduction to an *Engle* progeny plaintiff who prevailed on the intentional tort claims is reinstatement of the full amount of the jury verdict on compensatory damages, even if the jury was erroneously instructed that its compensatory damages award would be reduced by the smoker's share of comparative fault. As we explained in *Martin*:

> Here, the Florida Supreme Court's elimination of the comparative negligence defense under the circumstances below leaves nothing for retrial or apportionment. The jury was instructed to award the compensatory damages they found to be attributable to the defendants—nothing less—nothing more. The fact that they were also instructed to determine the percentage of comparative negligence attributable to the plaintiff on a defense that the Florida Supreme Court has eliminated as applied here is of no consequence to the gross amount of compensatory damages awarded by the jury.

> Moreover, it is a well-established presumption that a jury would have properly followed a trial court's instructions. . . .

> The jury was separately instructed to award the full amount of compensatory damages they found to be proximately caused by the defendants. They were also separately instructed to determine what percentage of comparative negligence, if any, they attributed to the plaintiff. They were instructed not to reduce the total amount of compensatory damages by the amount of comparative negligence, leaving it to the court to reduce any amount of comparative fault. In the absence of any evidence of wrongdoing by the jury, we must accept the well-established presumption that the jury properly followed the trial court's instructions.

*Id.* at D2750 (citations omitted).

In short, we presume that the jury has followed the court's instructions, not that the jury ignored the instructions and manipulated the damages award based on its determination of comparative fault. Accordingly, we reverse and remand on the cross-appeal "with instructions for the trial court to award compensatory damages in the full amount of the jury's verdict." *Gore*, 238 So. 3d at 831.

*Affirmed on main appeal; reversed and remanded on cross-appeal.*

CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

- 3 -

*Not final until disposition of timely filed motion for rehearing.*