IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

J.W., FATHER OF J.W., Z.R.W., AND
Z.W., CHILDREN,

      Appellant,

v.

      Case No.  5D22-0045
      LT Case No. 2020-30407-CJCI

DEPARTMENT OF CHILDREN AND
FAMILIES,

      Appellee.
_____/

Opinion filed May 3, 2022

Appeal from the Circuit Court
for Volusia County,
A. Kathleen McNeilly, Judge.

Richard F. Joyce, Special Assistant
Regional Counsel, of Office of Criminal
Conflict & Civil Regional Counsel,
Casselberry, for Appellant.

Ward L. Metzger, of Children's Legal
Services, Tallahassee, for Appellee,
Department of Children and Families.

EVANDER, J.

The Father of J.W., Z.R.W., and Z.W. appeals an order finding his children dependent based on his violent behavior during altercations with the children's mother. We affirm the trial court's order as to the youngest child, J.W., who was present and physically impacted during one incident of domestic violence. Competent, substantial evidence supports the trial court's determination that the father engaged in violent behavior that demonstrated a wanton disregard for the presence of J.W. that could have reasonably resulted in serious injury to the child. *See* § 39.01(35)(i), Fla. Stat. (2019).

We reverse the trial court's order finding J.W.'s two older sisters dependent. There was no competent evidence that these siblings were aware of the domestic violence, nor was there sufficient evidence to support a finding of prospective abuse.

We conclude that the other arguments raised by the Father are either unpreserved or without merit.

AFFIRMED, in part; REVERSED, in part; REMANDED.

COHEN, J., concurs.
EISNAUGLE, J., concurs in result only, with opinion.

2

EISNAUGLE, J., concurring in result only with opinion.

I agree with the majority that there was no competent, substantial evidence to support the trial court's adjudication of dependency as to Z.R.W. and Z.W.  We must therefore reverse as to J.W.'s two older sisters.

However, while I would affirm as to J.W., I do not agree with the majority's reason for doing so.  On appeal, Father argues that the evidence was insufficient because the trial court relied on inadmissible hearsay.  While that is true, Father failed to preserve this argument with a timely objection at trial.  *See Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." (quoting *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985))).  This argument is therefore without merit.

Notably, Father does not argue on appeal that the trial court's findings lack evidentiary support even if we consider, as we must, the unobjected-to hearsay evidence.  *Cf. Wilson v. Dep't of Child. & Fams.*, 326 So. 3d 170, 171 (Fla. 5th DCA 2021) ("Whether a better argument for reversal could have been made here by [appellant] is not our task to address. Simply put, it is

neither the function nor role of an appellate court to make an argument for a party." (citation omitted)); *Rosier v. State*, 276 So. 3d 403, 407 (Fla. 1st DCA 2019) ("In his initial brief, Rosier argued only that the trial court failed to hold a competency hearing. Now on rehearing, he argues, for the first time, that the hearing was inadequate. Because Rosier did not challenge the adequacy of the competency hearing in his initial brief, he may not raise it now on rehearing." (citations omitted)).  For that reason, I would affirm as to J.W.